UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re

Scott G. McCoy

Case No. 11-11471

**Debtor(s),**

**AMENDMENT COVER SHEET**

Amendment(s) to the following petition, list(s), schedule(s), or statement(s) are attached hereto:
- ☐ Petition
- ☐ Creditor Matrix
- ☐ List of 20 Largest Unsecured Creditors
- ☒ Schedules (check appropriate boxes). *See Instruction #4 below.*
  - ☒ A  ☐ B  ☒ C  ☐ D  ☐ E  ☐ F  ☐ G  ☐ H  ☐ I  ☐ J
- ☐ Statement of Financial Affairs
- ☐ Statement of Intention
- ☐ List of Equity Security Holders
- ☒ Summary of Schedules (includes Statistical Summary of Certain Liabilities and Related Data)
  **REQUIRED IF AMENDING SCHEDULE(S) A, B, D, E, F, I, OR J.**

Purpose of amendment (check one):
- ☐ To add pre-petition creditors, delete creditors, change amounts owed or classification of debt ($26.00 fee required, provided the judge may, for good cause, waive the charge in any case.) NOTE: Lists, schedules and statements that add or change creditors <u>must</u> be accompanied by an amended matrix listing only the creditors added or changed.
- ☒ No pre-petition creditors were added, creditors deleted, or amounts owed or classifications of debt changed.

**NOTICE OF AMENDMENT TO AFFECTED PARTIES**

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a), I certify that notice of the filing of the amendment(s) checked above has been given this date to the Trustee in this case, and to any and all entities affected by the amendment, together with a copy of the notice of meeting of creditors, the discharge (if one has been entered), a subsequent notice to file claims (if one has been issued), and any other document affecting the rights of the added creditors. (NOTE: Proof of service, indicating that service has been made, must be filed with the Court.)

Dated: 3/18/11

Attorney's [or *Pro Se* Debtor's] Signature: *Riley C. Walter*
Printed Name: Riley C. Walter #91839
Mailing Address: 205 E. River Park Circle, Ste. 410
Fresno, CA 93720

**DECLARATION BY DEBTOR**

I(We), the undersigned debtor(s), hereby declare under penalty of perjury that the information set forth in the amendment(s) attached hereto, consisting of ___ pages, is true and correct to the best of my(our) information and belief.

Dated: 03/18/11

*Scott McCoy*
Debtor's Signature

Dated:

_____
Joint Debtor's Signature

**INSTRUCTIONS**

1. Use this cover sheet ONLY when filing amended petitions, lists, schedules and statements. *Do not use an amendment cover sheet when submitting amended plans or amendments to plans.*
2. Include the word "Amended" in the title of each amended document.
3. Amendments to property schedules (A and B), creditor schedules (D, E, and F), or income/expenses schedules (I and J) must be accompanied by an amended Summary of Schedules. Updates to the schedule totals will not be made unless the summary is filed.
4. Amendments to add creditors or change their names/addresses must consist of the amended schedule(s) with a notation to the right of the creditor entry of "A" if the creditor is being added or "C" if it is being changed. Failure to include "A" and "C" notations on amended schedules may result in duplicate or multiple listings on master mailing lists.
5. Amendments which add or change creditors must be accompanied by a separately filed amended matrix containing ONLY the additions/changes so that the creditors may be downloaded into the case. The matrix must not contain the "A" or "C" notations.
6. When e-Filing an amended matrix, you must submit two separate files: a PDF file containing the amendment cover sheet for the matrix, and a <u>text</u> file containing the creditors in the standard master address list format. These two files <u>must</u> be uploaded together.
7. Federal Rule of Bankruptcy Procedure 1009 requires the debtor to give notice of an amendment to the trustee and to any entity affected thereby. **Notice of the amendment WILL NOT be given by the Clerk's Office.** To comply with this requirement, the debtor's attorney or *Pro Se* debtor must give notice to the trustee and any entity affected by the amendment by serving all previous court notices including, but not limited to, the notice of meeting of creditors, discharge of debtor, etc. A proof of service, indicating that service has been made, must be filed with the court.
8. Checks and money orders should be payable to "Clerk, U.S. Bankruptcy Court." **(NOTE: No personal checks will be accepted.)**

EDC 2-015 (Rev. 7/09)

B6 Summary (Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Eastern District of California

In re   **Scott G. McCoy, Sr.**                  Case No.   **11-11471**

                                      Debtor(s)               Chapter   **7**

## AMENDED SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $189,000.00 | | |
| B - Personal Property | | | | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | | | | | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | | | | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | | | | | |
| J - Current Expenditures of Individual Debtor(s) | | | | | |
| **TOTAL** | | | | | |

# United States Bankruptcy Court
## Eastern District of California

In re   **Scott G. McCoy, Sr.**                                                   Case No.   **11-11471**
                                         Debtor(s)                                Chapter    **7**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☒ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

In re **Scott G. McCoy, Sr.** , Case No. **11-11471**
Debtor

# SCHEDULE A - REAL PROPERTY - AMENDED

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|
| Two (2) 9.5 acre parcels near Tollhouse (value shown is for both parcels) *Amendment Note: Amended to change description and value of property. | | - | Unknown |

Sub-Total > 0.00 (Total of this page)

Total > 0.00

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

# AMENDED SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:  ☐ Check if debtor claims a homestead exemption that exceeds $146,450.*
(Check one box)
☐ 11 U.S.C. §522(b)(2)
☒ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| Two (2) 9.5 acre parcels near Tollhouse (value shown is for both parcels) | C.C.P. § 703.140(b)(5) | 22,149.00 | Unknown |

\*Amendment Note: Amended to change description and value of property.

*Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*
Schedule of Property Claimed as Exempt consists of 1 total page(s)

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com                              Best Case Bankruptcy